*1071 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
11 This disciplinary matter arises . from formal, charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Candace P. Howay, an attorney licensed to practice law in Louisiana but currently ineligible to. practice.[1]
FORMAL CHARGES
By way of background, respondent was previously employed by the law firm of Lundy, Lundy, Soileau & South, LLP (“Lundy”). During her employment with Lundy, respondent was responsible for handling real estate matters and the business interests, of Matheson Tri-Gas (“Matheson”), a pipeline company.
On January 14, 2015, respondent voluntarily resigned from her position at Lundy in order to become a named partner at the law firm. of Bradley, Moreau, Howay & Stagg, APLC (“Bradley”). Shortly thereafter, Matheson sent Lundy a letter terminating its attorney-client relationship and indicating its intention to hire Bradley to represent its interests.
In the process of locating all of Mathe-son’s files for transfer to Bradley, Lundy noticed irregularities in the client trust account for Matheson. For example, respondent requested, and received, a $9,000 check from Matheson’s trust account l2funds made payable to Maury Miller. Respondent never submitted to Lundy’s accounting department an invoice, statement, or. receipt to explain the nature or purpose of the payment to Mr. Miller. Following her resignation, respondent did not respond to Lundy’s attempt to contact her for information about this payment. Lundy later traced the payment and determined that Mr. Miller is respondent’s cousin, and the check was deposited into a bank account belonging to Mr. Miller and Cynthia Pousson, who is respondent’s mother.
Lundy also discovered that, in June 2014, respondent requested, and received, a $1,800 check from Lundy’s operating account made payable to “The Bank.” The check request did not indicate the ptirpose of the payment other than to suggest the funds' were an advance regarding the “Matheson 2014 Pipeline Acquisitions” file. Respondent never instructed the accounting department to invoice Matheson for this payment. Lundy obtained a copy of the deposit slip corresponding to the check, which showed the funds were applied to interest for a bank loan extended *1072 on behalf of Pouvoir Ventures, LLC (“Pou-voir”), a business owned by respondent’s mother, Cynthia Pousson. Respondent is currently the registered agent for Pouvoir.
After Lundy filed a disciplinary complaint against respondent, Matheson informed the ODC that respondent had complete authority to use Matheson funds at her own discretion. When specifically advised of the $9,000 payment to Mr. Miller, Matheson expressed no concern and reiterated that respondent had authority to utilize the funds in any manner she deemed necessary. Matheson also suggested that the $1,800 payment to The Bank came from funds that were part of Mathe-son’s trust account balance. However, Matheson had no authority to direct respondent to take funds from Lundy’s operating account, which contained only firm-owned funds.
^Respondent’s written response to Lun-dy’s disciplinary complaint only addressed the $9,000 paid to Mr. Miller from Mathe-son’s trust account funds. She did not address the $1,800 paid to The Bank from Lundy’s operating account. During a sworn statement given to the ODC on August 20, 2015, respondent explained her use of Lundy’s operating account funds to pay a debt owed by Pouvoir by suggesting that Pouvoir may have been a potential Matheson vendor at one time. However, respondent confirmed that Pouvoir never supplied services to Lundy or Matheson. During the sworn statement, respondent also indicated she would re-examine her files to determine the reason for the disbursement of the $1,800 from Lundy’s operating account. The ODC never received any further evidence or communication from respondent.
DISCIPLINARY PROCEEDINGS
In December 2015, the ODC filed formal charges against respondent, alleging that her conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

LHearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Specifically, the committee found that respondent procured the $1,800 check from Lundy and used it to pay interest for a loan benefitting her mother’s business, of which respondent is the registered agent. No legitimate Lundy business existed for this transaction. During her sworn statement, respondent acknowledged the obvious suspicions regarding this transaction but could not put forth any explanation. Respondent has never offered proof of the legitimacy of the $1,800 transaction. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee then determined that respondent acted knowingly and intentionally. Nevertheless, her conduct caused no harm to any clients. The committee further *1073 determined that, under the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is disbarment.
In aggravation, the committee found a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. In mitigation, the committee found the absence of a prior disciplinary record and inexperience in the practice of law (admitted 2009).
After also considering this court’s prior jurisprudence addressing similar misconduct and noting that the amount of funds at issue was relatively small, the committee recommended respondent be suspended from the practice of law for one year. The committee further recommended respondent be ordered to make $1,800 in restitution to Lundy.
The ODC objected to the hearing committee’s recommended sanction, arguing that a suspension for one year and one day is warranted.

\ ¿Disciplinary Board Recommendation

After review, the disciplinary board determined that the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the hearing committee’s additional findings are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that the committee correctly applied the Rules of Professional Conduct.
The board then determined that respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession. Regarding the harm caused, the board determined that, although the amount respondent converted was relatively insubstantial, the time and expense Lundy committed to the investigation of respondent’s conduct and to participating in the ODC’s investigation was not insignificant.
The board agreed with the committee that the baseline sanction is disbarment. The board also agreed with the aggravating and mitigating factors found by the committee. Additionally, in aggravation, the board noted the presence of respondent’s bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency.
After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be ordered to make restitution to Lundy..
Neither respondent nor the ODC filed an objection- to the board’s report and recommendation.
• | .DISCUSSION
Bar disciplinary matters'' fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a *1074 violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent converted $1,800 in funds belonging to her former law firm, Lundy. As such, she has violated the Rules of Professional Conduct as alleged by the ODC.
Having found evidence of . professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are'designed to maintain high standards of conduct,, protect the public, preserve the integrity- of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in.light of any ^aggravating and mitigating circumstances, Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly, if not intentionally, violated duties owed to the legal profession, causing actual harm to Lundy. Because her misconduct essentially amounts to theft of $1,800 from Lundy, the baseline sanction is disbarment.
Aggravating factors include a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, indifference, to making restitution, and illegal conduct. The only mitigating factor supported by the record is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, the following cases provide guidance: In re: Sharp, 09-0207 (La. 6/26/09), 16 So.3d 343; In re: Bernstein, 07-1049 (La. 10/16/07), 966 So.2d. 537; and In re: Kelly, 98-0368 (La. 6/5/98), 713 So.2d 458. In Sharp, we disbarred an attorney who converted $50,000 in attorney’s fees and expenses due to his law firm upon settlement of a personal injury matter. In Bernstein, we disbarred an attorney who created “off the books” billing statements at two law firms and collected fees from clients .for legal services totaling approximately $30,000, which he then converted to his own use. Finally, in Kelly, we imposed a three-year suspension upon a lawyer who converted approximately $80,000. in funds belonging to his law firm; significant mitigating circumstances were present.
■ Although this case law suggests that a lengthy suspension or disbarment is the appropriate sanction in this matter, it is important to acknowledge that the amount of funds at issue here is relatively small compared to the amount at issue in the above cases. Furthermore, we note that the ODC has concurred in the board’s recommended sanction.
I ¡/Under the unique facts of this case, we will adopt the board’s recommendation and suspend respondent .from the practice of law for one year and one day. We will further order respondent to make full restitution of $1,800, plus legal interest, to Lundy.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Candace P. Ho-way, Louisiana Bar Roll number 32508, be and she hereby is suspended from the practice of law- for one year and. one day. It is further ordered that respondent shall *1075 make restitution of $1,800, plus legal interest, to Lundy, Lundy, Soileau & South, LLP. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since June 3, 2016 for failing to comply with mandatory continuing legal education requirements,.She is also ineligible to practice law for failing to pay bar dues and the disciplinary assessment and failing to file her trust account disclosure statement.